

| | |
|---|---|
| Alexander Shiryak, Esq. | 80-02 Kew Gardens Road |
| Dustin Bowman, Esq. | Suite 600 |
| Mark Anderson, Esq. | Kew Gardens, NY 11415 |
| Preet Gill, Esq. | Tel 718.263.6800 |
| Alex Kadochnikov, Esq. | Fax 718.520.9401 |
| Btzalel Hirschhorn, Esq. | www.SBAGK.com |
| Matthew J. Routh, Esq. | |
| Andreas E. Christou, Esq. | |

July 10, 2020

*RE: Debtor Vienette Ashwood, Case# 1-18-46525-cec*

Chief Judge Carla E. Craig
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

Dear Judge Craig:

    Our office represents the Debtor in the above referenced proceeding. This letter is to advise the Court of the status of loss mitigation efforts.

    On July 10, 2020, this office received a "missing documents" letter, after Debtor's fourth application for loss mitigation. This has been a typical pattern of Secured Creditor Cenlar, FSB's ("Creditor") practices with this Debtor. On multiple occasions, this office has asked Creditor's Counsel for a list of exactly what is needed by the Creditor for a complete review. While Creditor provides Debtor's counsel with a list, it is never sufficient to their standards. Debtor on multiple occasions has submitted exactly what was originally asked, only to be issued a missing document letter with new documents requested. For example, at one point, the Creditor requested a copy of Debtor's deceased son's obituary, to verify that the Debtor's son had actually passed away.

    Furthermore, this "missing document" letters usually come after this office routinely follows up with Creditor's Counsel after document submissions to confirm whether the submission is complete or whether any new documents are required. Instead, Creditor, rather than simply just giving the Debtor an opportunity to submit additional documentation, arbitrarily decides that its "review has closed" and that Debtor must submit an entirely new packet, with the same information already in Creditor's possession. It is also noted that Debtor is never informed of the deadlines when Creditor will "close its review" once the documents are submitted. The

typical practice has been for our office to send the documents requested, wait for a response while trying to confirm if the submission is complete, and then receive a letter stating that documents are outstanding (which were not originally requested) but that the review is closed and a new, complete package must be submitted.

This has been a painstaking process for the Debtor, who is elderly and whose hardship was precipitated by the loss of her son. Debtor has also experienced further loss in recent months. For example, when a close relative of the Debtor passed away due to COVID-19 in June 2020, Creditor had issued a prior "missing documents letter". The Debtor, through counsel, had asked for a brief extension to submit the additional documents, as she was in the midst of funeral preparations, and Creditor denied the request, and instead forced the Debtor to re-submit an entirely new package, less than a month after its original deadline.

The Debtor is seeking honesty from the Creditor. She had undergone multiple reviews at this point, and the Creditor should know exactly what they need from the Debtor. The Debtor is simply asking the Creditor for a list of exactly what's needed for review, so that they do not have to keep issuing "missing document" letters for documents that were not initially requested.

This will not deter the Debtor. Even though she is elderly, and her health is at-risk, she will continue to work with this office to compile the necessary documents in order to submit them for a subsequent review.

Please do not hesitate to contact the undersigned should the Court require anything further. Thank you.

        **/s/ Btzalel Hirschhorn**
By: Btzalel Hirschhorn, Esq.

*Cc via ECF*:   Michael J. Macco, Chapter 13 Trustee
Office of the United States Trustee
David Gallo & Associates LLP, Attorneys for CitiMortgage
All Creditors and Parties Filing a Notice of Appearance